IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRAD CLOVER

        *Plaintiff,*

v.

BOARD OF COUNTY
COMMISSIONERS OF DOUGLAS
COUNTY, KANSAS
Serve County Clerk:
Jamie Shew
1100 Massachusetts Street
Lawrence, Kansas 66064

        *Defendant.*

Case No. _____

## <u>COMPLAINT</u>

Plaintiff Brad Clover, for his Complaint against the Board of County Commissioners of Douglas County, Kansas, states:

## <u>PARTIES</u>

1.    Plaintiff Brad Clover ("Clover") is an individual residing in Lawrence, Douglas County, Kansas.

2.    Defendant Board of County Commissioners of Douglas County, Kansas ("Defendant") is a governmental body located in Douglas County, Kansas and may be served with process through the County Clerk, Jamie Shew, at the address listed above.

## JURISDICTION AND VENUE

3.     This Court has primary jurisdiction over Clover's ADA claims under 28 U.S.C. §1331 because this claim is brought under federal law.

4.     Venue is proper in this district under 28 U.S.C. §1391 because Defendant is located within this district, and the acts complained of took place within this District.

## ADMINISTRATIVE REMEDIES HAVE BEEN EXHAUSTED

5.     Clover filed his Charge of Discrimination (No. 28D-2021-00159) with the United States Equal Opportunity Commission ("EEOC"), for disability/perceived disability discrimination and retaliation for his engagement in protected activity on or about November 25, 2020. Clover was issued a Notice of Right to Sue for this charge on June 7, 2020, and has filed the instant action within ninety days of receipt of same.

6.     Accordingly, Clover has met all administrative prerequisites to filing this action.

## FACTS COMMON TO ALL COUNTS

7.     Clover began working as a Sheriff's Deputy for Defendant in August of 2003.

8.     Clover began suffering from post-traumatic stress disorder, generalized anxiety disorder and major depressive disorder in or about August, 2015.

9.     Clover's conditions limit his ability to sleep, concentrate, think and read, and generally limit his brain and neurological function. Clover's conditions cause

memory issues, organizational issues, time management issues, stress and emotional issues, and coworker interaction issues.

10.     Clover's conditions constitute disabilities under the ADA.

11.     Clover reported his disabilities to Undersheriff Buchholz in 2015 and 2016, as well as anytime a stressful incident would occur at work.

12.     In or about 2015, Clover also reported his disabilities to other supervisors including Chris Morris, Lieutenant Robert Barryman, Captain Stacy Simmons, and Retired Lieutenant Steve Freeman and Lieutenant Lyle Hegenbuch.

13.     In December, 2019 and January, 2020, Clover again reported his disabilities to his direct supervisors, Sergeant Brandon Lewis, Lieutenant Vince Gonzalez and Undersheriff Buccholz.

14.     Defendant and its agents at all times failed to engage in the interactive process to determine if Clover had a disability or if he could be reasonably accommodated. Instead, Defendant's agents told Clover he was "making excuses."

15.     Even if Clover had not informed Defendant that an accommodation was needed—which he did—Defendant should have initiated the reasonable accommodation interactive process without being asked because Defendant: (1) knew Clover had a disability; (2) knew, or had reason to know, that Clover was experiencing workplace problems because of the disability; and (3) knew, or had reason to know, that the disability prevented Clover from requesting a reasonable accommodation.

16.     On August 12, 2020 Clover again reported his disabilities and was immediately reassigned from patrol to court security.

17.     Within twenty-four hours of reassignment, Clover was placed on administrative leave.

18.     On or about August 21, 2020, Clover wrote a letter to Defendant reporting that he was being retaliated against for opposing disability discrimination. Clover reported that his supervisors, despite repeated notice of his disabilities, failed to engage with him or take any action to accommodate him. Clover requested that the matter be investigated.

19.     On August 28, 2020, Clover spoke with Defendant's human resources officer. Among other things, Clover requested the ability to continue the counseling (reasonable accommodation) he needed to move forward, and to not feel retaliated against by Defendant.

20.     In early October, 2020, Clover received an undated letter from Defendant indicating he was being terminated for violations of Defendant's policies.

21.     Clover was never specifically told the factual basis for his termination, and was instead referred to Defendant's "General Ethics Policy" and other general policies and procedures.

22.     On October 21, 2020, Clover appeared for a grievance hearing at which he again reported that he had been discriminated against on the basis of his disabilities, and retaliated against for opposing the discrimination.

23.     Defendant failed to investigate or take any remedial action in response to Clover's numerous complaints of discrimination and retaliation.

## COUNT I – ADA DISCRIMINATION

24.     Clover incorporates his allegations in the preceding paragraphs as if fully set forth herein.

25.     Clover was terminated because he has a disability within the meaning of the ADA or because Defendant perceived him to have such a disability.

26.     Clover has a physical or mental impairment (known to Defendant) that substantially limits one or more of his major life activities and/or Defendant perceived him to have such an impairment.

27.     Defendant failed to engage in the interactive process to determine if Clover had a disability or if he could be reasonably accommodated.

28.     Clover was qualified, with or without reasonable accommodation, to perform the essential functions of his job.

29.     As a direct and proximate result of Defendant's unlawful conduct, Clover suffered damages including emotional distress, pain and suffering, past and future lost wages and benefits, career damage and diminished career potential, mental distress in the form of embarrassment, degradation and humiliation, increased anxiety, increased difficulty sleeping, loss of enjoyment of life, and other non-pecuniary losses.

30.     Defendant's actions were committed with malice or reckless indifference to Clover's federally protected rights.

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and against Defendant for economic damages, including, but not limited to: back pay, lost benefits, and front pay, compensatory damages, punitive damages, for reasonable

attorneys' fees and costs incurred herein, for pre and post-judgment interest as allowed by law, and for such other and further legal and equitable relief as this Court deems just and proper.

## COUNT II – ADA RETALIATION

31.    Clover incorporates his allegations in the preceding paragraphs as if fully set forth herein.

32.    "It is unlawful to discriminate against any individual because that individual has opposed any act or practice made unlawful [under the ADA] . . . ." 29 C.F.R. § 1630.12(a).

33.    Clover engaged in protected activity under the ADA.

34.    Defendant was aware of Clover's protected activity.

35.    Defendant took adverse employment actions against Clover, including but not limited to reassignment, demotion and termination of his employment.

36.    A causal connection exists between Clover's protected activity and the adverse employment actions taken by Defendant.

37.    As a direct and proximate result of Defendant's unlawful conduct, Clover suffered damages including emotional distress, pain and suffering, lost past and future wages and benefits, career damage and diminished career potential, mental distress in the form of embarrassment, degradation and humiliation, increased anxiety, increased difficulty sleeping, loss of enjoyment of life, and other non-pecuniary losses.

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and against Defendant for economic damages, including, but not limited to: back pay, lost benefits, and front pay, compensatory damages, punitive damages, for reasonable attorneys' fees and costs incurred herein, for pre and post-judgment interest as allowed by law, and for such other and further legal and equitable relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff requests a trial by jury on all issues so triable herein.

Respectfully submitted,

JOSEPH, HOLLANDER & CRAFT LLC

By:   /s/ Andrew J. Goodwin
    Andrew J. Goodwin (25819)
    agoodwin@josephhollander.com
    Matthew A. Johnston (78931)
    mjohnston@josephhollander.com
    926 Cherry St.
    Kansas City, Missouri 64106
    T: (816) 297-0800
    F: (816) 787-1379
    *Attorneys for Plaintiff*